UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOANNA ESPINAL, *et al.*,

                      Plaintiffs,

              -against-

JETBLUE AIRWAYS CORPORATION,

                      Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
21 CV 3404 (ENV) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

        On May 21, 2021, plaintiffs Joanna Espinal and Ramona De Leon commenced this action in New York Supreme Court, Queens County, alleging that defendant JetBlue Airways Corporation ("JetBlue") wrongfully removed them from a JetBlue flight from the Dominican Republic to the United States, and that they were discriminated against based upon their national origin and race. (ECF No. 1). Since the claims arose under the Montreal Convention, the case was removed to this Court on June 16, 2021 on federal question jurisdiction.

        On June 21, 2021, defendant requested a pre-motion conference in anticipation of filing a motion to dismiss. (ECF No. 7). On July 7, 2021, the Court Ordered plaintiffs to respond to the motion for a pre-motion conference. Plaintiffs failed to meet this deadline and to date have not filed a response to defendant's request.

        On July 27, 2021, this Court became aware that plaintiffs' counsel, Nestor Rosado, had been removed from this Court's roll of practicing attorneys on September 5, 2015, and has not since been reinstated. Without being reinstated, Mr. Rosado is not permitted to practice in this Court, and thus is ineligible to represent plaintiffs in this matter.

        After informing Mr. Rosado on several occasions of his need to apply for reinstatement to the bar of the Eastern District of New York, the Court issued an Order dated January 18, 2022,

directing plaintiffs to either secure new counsel by February 14, 2022 or indicate to the Court that they intended to proceed *pro se*. The Court directed defendant to serve the Order on plaintiffs and Mr. Rosado. In a letter to the Court dated January 19, 2022, defendant reported that it had served Mr. Rosado with a copy of the Order, but that it was unable to serve the plaintiffs because it lacked their contact information.

In response to defendant's letter, this Court Ordered Mr. Rosado to submit a letter to the Court containing the plaintiffs' contact information, due by February 4, 2022. Although Mr. Rosado never formally responded to this Court's Order by submitting a letter to the Court as directed, on March 3, 2022, he provided what he claimed was plaintiffs' address to a court officer over the phone.

On March 7, 2022, this Court issued an Order terminating Mr. Rosado from the action in light of his ineligibility to practice before this Court. The undersigned then again Ordered the plaintiffs to obtain new counsel or appear in the matter *pro se* at the next scheduled conference, set for April 14, 2022.

At the April 14, 2022 conference, neither of the plaintiffs appeared. Mr. Rosado, who did appear, told the Court that another attorney would be entering a notice of appearance on behalf of plaintiffs. Based on this representation that new counsel would be appearing, the Court Ordered new counsel to file a notice of appearance no later than April 28, 2022 and set another conference for May 12, 2022. On May 5, 2022, one of this Court's mailings that had been sent to the address for the plaintiffs provided by Mr. Rosado was returned as undeliverable. (ECF No. 18).

Yet again, on May 12, 2022, neither plaintiff appeared, and no new counsel appeared on plaintiffs' behalf. Mr. Rosado again appeared, however, and informed the Court that plaintiffs

2

were in the Dominican Republic and that he did not have a mailing address or phone number that could be used to reach them. Mr. Rosado also stated that he did not have a mailing address in the United States that could be used to reach plaintiffs other than the address that he had previously supplied. He explained that he usually communicated with plaintiffs by sending a secretary to a parking lot near his office where one or both plaintiffs allegedly work, or that they would call him.

At the conclusion of the May 12, 2022 conference, the Court informed Mr. Rosado and counsel for the defendant that, if plaintiffs failed to contact the Court by May 27, 2022, this Court would recommend that the District Court dismiss this case for failure to prosecute. To date, plaintiffs have failed to make any contact with the Court and no new attorney has filed a notice of appearance on their behalf.

## DISCUSSION

Plaintiffs are obligated to move their cases forward to trial, and if they "fail to do so in a reasonable manner," their "case[s] may be dismissed with [or without] prejudice as a sanction for [their] unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). "Dismissal is warranted where[,]" as here, "there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." Id. Moreover, the law is "clear" that the district court "has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)); Lewis v. Nationstar Mortg. LLC, No. 18 CV 3015, 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019), report and recommendation adopted, No. 18 CV 3015, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). The authority to dismiss a case *sua sponte* arises from a court's inherent power and is not limited by Rule 41 of the Federal Rules of Civil Procedure.

Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

Plaintiffs have utterly failed to move this case forward. The case has been pending in this Court for almost a year and apart from the filing of the Complaint, plaintiffs have taken no action to prosecute the case. Indeed, plaintiffs have failed completely to respond to defendant's request for permission to move to dismiss the action, which was filed on June 21, 2021.

While much of the delay may be attributable to plaintiffs' counsel's failure to timely seek and obtain reinstatement to the bar of this Court, this Court has issued numerous Orders advising plaintiffs and Mr. Rosado of the need to retain new counsel eligible to appear in this Court since Mr. Rosado is not a member of the bar of this Court and has not sought to appear *pro hac vice*. The Court presumes that plaintiffs have received notice of their obligation to proceed with this litigation through this Court's numerous Orders, which were sent to or given to Mr. Rosado for him to relay to his clients. Indeed, in addition to directing Mr. Rosado to notify plaintiffs of their obligations, the Court has also sent copies of the written Orders to plaintiffs at the address provided by Mr. Rosado. Despite these efforts, plaintiffs have taken no action to secure counsel or appear in this matter for over a year. Now it appears that even Mr. Rosado has lost touch with his clients and freely admits to having no way to reach them. While it is unfortunate that plaintiffs retained an attorney who was not admitted to practice in this Court, "[i]t is plaintiff's obligation to move his [or her] case to trial[.]" Lewis v. Nationstar Mortg. LLC, 2019 WL 11624580, at *1 (quoting West v. City of New York, 130 F.R.D. at 524); see also Valentine v. Museum of Mod. Art, 29 F.3d 47, 50 (2d Cir. 1994) (dismissing a *pro se* plaintiff's action where the plaintiff failed to comply with the court's Orders). Plaintiffs have ignored the Court and have failed to prosecute this action.

CONCLUSION

Plaintiffs have abandoned this action. The Court therefore respectfully recommends that the District Court dismiss their claims without prejudice for failure to prosecute.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty, 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties through the Electronic Case Filing (ECF) system and to mail copies of this Order to Mr. Rosado. Mr. Rosado is further Ordered to deliver copies of this Order to plaintiffs.

**SO ORDERED.**

Dated: Brooklyn, New York
June 10, 2022

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York